Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50113 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Hernandez vs. Nielson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 13 2002 | 25 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 12-12-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Christino Hernandez, has filed a four-count amended complaint against defendants, Jeff Nielson, in his official capacity as the Rockford City Police Chief, and Officers Bruno, Girardi, and Pozzi, all of whom are sued in both their individual and official capacities as police officers with the Rockford City Police Department ("Department"). Hernandez alleges three claims under 42 U.S.C. § 1983 for violations of his federal constitutional rights (Counts I-III) and one claim for assault and battery under state law (Count IV, which he mislabeled as Count VI). Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1367, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

The essential facts of this case are relatively straightforward and not in dispute. On August 19, 1999, four detectives from the Department (two of whom were Pozzi and Girardi) went to Hernandez' home to look for two murder suspects based on information that it was their last known address. Hernandez let the detectives in and allowed them to search his home. At one point, Hernandez went to check on the detective searching Hernandez' bedroom who, Hernandez thought, was tearing up his personal papers and was about to seize a rifle stored in the bedroom. As he did so, Hernandez says two other detectives hit him twice on each side of his head with their fists and a flashlight (for a total of four blows). Hernandez was then arrested and eventually convicted for obstructing a police officer.

In Count I, Hernandez alleges Pozzi failed to intervene to stop the other detectives from beating him. In response to the motion for summary judgment, however, Hernandez does not even so much as mention Pozzi or the failure to intervene theory throughout either his supporting memorandum or statement of facts. Indeed, there is not a single piece of evidence as to where Pozzi was inside the house when Hernandez was struck, let alone that he was in a position to stop the beating. For these reasons, the court finds Hernandez has abandoned Count I.

The same is also true of Hernandez' claim in Count III, which is based on Monell v. Department of Social Services, 436 U.S. 658 (1978), that Nielson failed to train officers within the Department to not use excessive force when making arrests or to provide appropriate medical attention after an arrestee is assaulted by other officers. Hernandez once again does not even mention his failure to train theory in his response brief. He also does not suggest, and certainly does not provide evidence, that the officers do, in fact, lack adequate training or that such a lack of training caused his injuries. This portion of Count III is therefore deemed abandoned as well.

Hernandez does, however, seem to press another type of official capacity or Monell claim in Count III to the effect that the Department maintains a "widespread practice of using excessive force in arresting citizens." (Pl. Resp. p. 3) As his only proof of this, Hernandez says defendants admitted in their answers to his interrogatories that they have previously been sued in federal court in two other cases for using excessive force, both of which were eventually settled. This is patently frivolous. First of all, none of this "evidence" is properly before the court as Hernandez' only mention of it is in his response brief; defendants' answers to the interrogatories are not referenced in, or even attached to, his statement of additional facts. See Bennett v. Roberts, 295 F.3d 687, 695 n.7 (7th Cir. 2002) (stating that "district court is entitled to disregard references to depositions and other discovery materials that appear[] only in the supporting brief, and to decide the motion based on the factual record outlined in the undisputed statement of facts") (internal quotations and citations omitted). Second, and more importantly, the court is at a complete loss to understand what possible relevance this evidence has in proving the Department maintains a widespread practice of allowing its officers to use excessive force. Just because somebody alleges something does not make it so. And Hernandez himself admits these cases were settled, so there was never any finding of liability on the officers' part. How such evidence could show a widespread practice of using excessive force within the Department is beyond the court.[1]

Finally, Hernandez seeks (in his amended complaint anyway) to hold Bruno and Girardi liable for inflicting the actual blows based on two theories, one for excessive force under the Fourth Amendment (Count II) and the other for assault and battery under state law (Count IV). Yet Hernandez specifically admits Bruno was not present at Hernandez' home on August 19, 1999. (LR 56.1(a) Pl. Resp. ¶ 61) Similarly, Hernandez also admits Girardi (who was there) did not strike, punch, or hit him in anyway. (Id. ¶¶ 58-60) Given these admissions, Hernandez has (though he does not say it in so many words) effectively conceded neither Bruno nor Girardi were responsible for his injuries.

Instead, Hernandez now seems to think two other detectives, Kevin Ogden and Barry Cunningham, both of whom admit to being present during the search of Hernandez' home, are the culpable parties. Although the court is rather dubious about the evidence Hernandez has to prove this, it is beside the point because Hernandez has not named either of these individuals as defendants in this law suit. Nor, despite this obvious problem, has Hernandez indicated he has any intent of doing so.

For the reasons stated above, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

---

[1] To be clear, all of Hernandez' official capacity claims against defendants, which are treated as claims against the employing municipality and are, in effect, the same as his Monell claims against the Department, are dismissed for the same reasons stated above.